UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AFFILIATED FM INSURANCE
COMPANY, a Rhode Island corporation,
and AXCELIS TECHNOLOGIES INC., a
Massachusetts corporation,

                Plaintiffs,

     v.

EXPEDITORS INTERNATIONAL NZ
LTD, a New Zealand corporation;
EXPEDITORS INTERNATIONAL OF
WASHINGTON INC., a Washington
corporation, and HAWAIIAN AIRLINES
INC., a Delaware corporation,

                Defendants.

_____

EXPEDITORS INTERNATIONAL NZ
LTD and EXPEDITORS
INTERNATIONAL OF WASHINGTON
INC.,

            Cross-Claim Plaintiffs,

v.

HAWAIIAN AIRLINES INC.,

            Cross-Claim Defendant.

CASE NO. 2:19-cv-01966-RAJ-BAT

**ORDER GRANTING MOTION FOR
PROTECTIVE ORDER**

Defendant Hawaiian Airlines Inc. moves for a protective order pursuant to Federal Rules of Civil Procedure 26(c)(1)(C) and 30(b)(4), requiring Plaintiffs to take the deposition of Hawaiian Airlines either at its principal place of business in Hawaii or via video conference. Dkt. 28. For the reasons stated herein, the motion is granted.

BACKGROUND

This case involves the shipment of magnets from Auckland, New Zealand to Beverly, Massachusetts via Boston, Massachusetts and JFK Airport. Dkt. 1, ¶¶ 7–8. Plaintiffs allege that when the magnets arrived at their destination in Massachusetts, they were damaged. Plaintiffs seek damages of $57,897. *Id*. at ¶¶ 8, 13. Hawaiian Airlines denies the allegations. Dkt. 10, ¶ 7.

Plaintiffs noted the in-person Rule 30(b)(6) deposition of Defendant Hawaiian Airlines, at a time to be agreed upon by the parties, in Seattle, Washington. Dkt. 29, Declaration of Bartholomew Banino, ¶¶ 5, 7, 10, 11. Defendant Hawaiian Airlines asked to hold the depositions via video teleconference and Plaintiffs refused. *Id.*, Banino Decl. ¶¶ 6, 8, 10, 11. The parties conferred but have been unable to resolve this issue. *Id.*, ¶ 11.

Hawaiian Airlines' principal place of business is Honolulu, Hawaii, and its Rule 30(b)(6) corporate representative resides in Hawaii. Dkt. 29, Banino Decl., ¶¶ 12, 13. The state of Hawaii continues to require mandatory self-quarantine for travelers entering or re-entering the State, unless they have a negative COVID-19 test within 72 hours prior to travel or can satisfy State requirements for proof of vaccination. *See* "Twenty-First Proclamation Related to the COVID-19 Emergency," available at https://governor.hawaii.gov /wp-content/uploads/2021/06/2106080-ATG_21st-Emergency-Proclamation-for-COVID-19-distribution-signed.pdf.' Dkt. 28 at 5.

Plaintiffs' counsel has provided guidance on how her office is taking precautionary measures to prevent the spread of Covid-19 during the proposed in-person deposition. Dkt. 32, Declaration of Vi Jean Reno, p. 3 ¶ 10.

## DISCUSSION

A.     Video Deposition

Pursuant to Federal Rule of Civil Procedure 30(b)(4), the Court may order that "a deposition be taken by telephone or other remote means." Due to the pandemic, "[a]ttorneys and litigants are adapting to new ways to practice law, including preparing for and conducting depositions remotely" and therefore remote depositions have become more commonplace in the last year. *Lundquist v. First Nat'l Ins. Co. of Am.*, No. 18-5301 RJB, 2020 WL 3266225, at *2 (W.D. Wash. June 17, 2020).

Plaintiffs argue that Hawaiian Airlines "has set forth no basis for 'extreme hardship' resulting if their corporate witness appears in Seattle for deposition." Dkt. 31, p. 5 ¶¶ 15-23. Although Hawaiian Airlines has not identified its corporate representative or provided a declaration regarding specific concerns regarding COVID-19, "concerns over exposure to Covid-19 are sufficient ground to have [a] deposition[] taken by 'telephone or other remote means.'" *Lundquist*, 2020 WL 3266225, at *1; *see* General Order No. 10-21, U.S. District Court for the Western District of Washington, June 30, 2021 (Local Civil Rule 32 continues to include among the definitions of "Unavailable Witness" in FRCP 32(4)(C): "concern about personal health risks from exposure to the COVID-19 virus.").

Plaintiffs' counsel has provided guidance on how her office is taking precautionary measures to prevent the spread of COVID-19 (*see* Reno Decl., p. 3 ¶ 10), but there is also physical risk associated with being in crowded spaces, such as in an office or during travel. In

addition to this undue burden, Hawaiian Airlines' 30(b)(6) corporate representative may incur

additional expenses, such as the costs of lodging and local transportation and potentially being

"responsible for 100% of the cost of mandatory self-quarantining for the required 10-days" if a

negative COVID-19 test result is not received upon returning to Hawaii. *See* State of Hawai'i

Portal: "Covid-19 FAQs," available at https://hawaiicovid19.com/travel/faqs/.

Additionally, the Court notes that the areas of inquiry listed in the deposition notice are

not complicated nor appear to require an in-person deposition. Notably, Plaintiffs offer no

rationale for insisting that the deposition take place in-person. Alternatively, the Court finds that

an in-person deposition should take place in Hawaii.

B.      Physical Place of Deposition

The deposition of a corporate party ordinarily should take place at its place of business.

*See Louis Vuitton Malletier, S.A., v. Akanoc Solutions, Inc.*, 2008 WL 1766758 (N.D. Cal. 2008)

(citing *Thomas v. International Business Machines*, 48 F. 3d 478. 483 (10th Cir. 1995)).

However, "[a] district court has wide discretion to establish the time and place of depositions."

*Hyde & Drath v. Baker*, 24 F. 3d 1162, 1166 (9th Cir. 1994); *see also Clairmont v. Genuity, Inc.*,

2004 U.S. Dist. LEXIS 20784 (W.D. Wash. 2004) ("In the absence of special circumstances, a

party seeking discovery must go where the desired witnesses are normally located .... This rule

applies *even when the deponent is a defendant in the action*"); *Cadent Ltd. v. 3M Unitek*, 232

F.R.D. 625, 628 (C.D. Cal. 2005) (emphasis added). Thus, the presumption is that the deposition

will take place in Honolulu, Hawaii, absent special circumstances.

Factors to consider when determining whether another location for the deposition is

appropriate include "(1) location of counsel in the forum district; (2) number of corporate

representatives to be deposed; (3) likelihood of significant discovery disputes arising which

would necessitate resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship." *Stonebreaker v. Guardian Life Ins. Co.*, 820 F. Supp. 2d 1096, 1098 (S.D. Cal. 2011) (citing *Cadent Ltd.*, 232 F.R.D. at 629). The expense to the parties and judicial economy are also important considerations. *Cadent Ltd.*, 232 F.R.D. at 628-29.

Plaintiffs chose this forum because the terms and conditions of Expeditors' air waybill dictate that all disputes must be brought in state or federal courts in Seattle. Dkt. 31 at 2. Other than this choice of forum and the fact that all parties have local Seattle counsel, there does not appear to be any other connection to Seattle. Plaintiffs provide no justification for imposing the burden and costs of cross-Pacific travel on Hawaiian Airlines' 30(b)(6) designee, rather than bearing that cost themselves or, alternatively, eliminating the burden for all parties by conducting the depositions via video teleconference. Hawaiian Airlines concedes that because it is an airline, airfare could be minimized (but not eliminated). However, there are other costs related to travel, including time, lodging, and local transportation which must be incurred. And as previously noted, forcing travel during this time is also problematic as it exposes the traveler to significant health risks and the cost and inconvenience of COVID-19 testing and potential quarantine.

As no special circumstances exist here, the Court finds that if Plaintiffs insist on an in-person deposition, the deposition shall take place in Honolulu, Hawaii.

Accordingly, it is **ORDERED**:

1.      Defendant Hawaiian Airlines' motion for protective order (Dkt. 28) is **GRANTED**; the deposition of its Rule 30(b)(6) designee(s) shall either take place in Hawaii at Defendant's principal place of business or alternatively, shall be taken via video teleconference. Each party shall bear its own expenses.

1    2.    The Clerk is directed to send a copy of this Order to all counsel of record.

2    DATED this 16th day of July, 2021.

3

4                                              _____
                                               BRIAN A. TSUCHIDA
5                                              United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER GRANTING MOTION FOR
PROTECTIVE ORDER - 6